Earl A. WYNN *v.* STATE of Arkansas

CR 77-1                                                        549 S.W. 2d 83

Opinion delivered April 18, 1977
(Division I)

*Carl K. Creekmore Jr.*, for appellant.

*Bill Clinton*, Atty. Gen., by: *B. J. McCoy*, Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. In *Byler* v. *State*, 257 Ark. 15, 513 S.W. 801 (1974), we quoted liberally from the American Bar Association's "Standards Relating to Pleas of Guilty" and in doing so we stated:

> ". . . we must observe that compliance with the Standards will go far toward achieving the twofold purpose of (1) assuring justice both to the accused and the public and (2) minimizing the dreary necessity of having to reconsider in postconviction proceedings points that should have been set at rest when the plea of guilty was accepted."

The trial court in the case of appellant Earl A. Wynn did not follow those standards in accepting a negotiated plea from appellant and was forced to go through the dreary necessity of holding a hearing on his post-conviction plea that he was not advised of the consequences of his plea nor did he understand the maximum or minimum penalty that could be handed down. At the post-conviction hearing it was shown that appellant was represented by retained counsel who had previously represented appellant in other matters and that the retained counsel had fully explained those matters to appellant before accepting a negotiated plea of second degree murder on a first degree murder charge. Based upon those facts, the trial court denied any relief to appellant's post-conviction plea.

498

We agree with the trial court that under the circumstances appellant was not entitled to any post-conviction relief.

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and HOLT, JJ.